IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PILGRIM'S PRIDE CORP. <br> Plaintiff, <br> <br> v. <br> <br> FRISCO FOOD SERVICES, INC., ET AL. <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> CIVIL ACTION NO. 2:06-CV-512 (TJW) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's motion to remand (#6). The plaintiff seeks to remand this breach of contract and declaratory judgment action to state court asserting that this Court lacks subject matter jurisdiction. After carefully considering the parties' written submissions, the Court GRANTS the motion and orders that this case be remanded to the Camp County District Court for the State of Texas for the reasons set forth below.

**I.     Background**

Pilgrim's Pride Corporation ("Pilgrim's Pride") is a Delaware corporation with its principal place of business in Camp County, Texas. Defendants Frisco Food Services, Inc. ("Frisco"), Sunset Food Service, L.L.C. ("Sunset"), National Foodco Corporation ("NFC"), National Produce, Inc. ("NPI"), and Parrco Foods, Inc. ("Parrco") are all Kentucky corporations with their principal place of businesses in Kentucky. Pilgrim's Pride contends that it entered into a series of contracts with the defendants through their principal, Mr. Ray Francisco.

On July 14, 2006, Pilgrim's Pride filed suit in the Camp County District Court against the defendants for breach of contract and declaratory judgment. The plaintiff contends that over the last

several years, the defendants breached their obligations under each of the contracts they entered with the plaintiff. Specifically, the plaintiff contends that the defendants failed to diligently use their efforts and resources to solicit, procure, or otherwise service the contracts, and, therefore, the defendants materially breached each contract. The plaintiff requests the following relief: 1) actual and consequential damages, 2) declaratory judgment excusing Pilgrim's Pride from all present and future obligations, 3) pre-judgment and post-judgment interest, 4) attorney's fees, 5) costs and expenses, and 6) any other relief entitled to.

On August 18, 2006, three of the defendants, Frisco, Sunset, and NFC ("Debtors"), filed for bankruptcy in the Western District of Kentucky ("Kentucky Bankruptcy Court"). On August 23, 2006, the defendants filed a Notice of Removal based upon 1) 28 U.S.C. § 1452 (bankruptcy removal), and 2) 28 U.S.C. §§ 1441 and 1332 (diversity removal). The case was referred to the U.S. Bankruptcy Court for the Eastern District of Texas, Marshall Division ("Texas Bankruptcy Court"). On August 25, 2006, the Debtors filed an adversary proceeding in the Kentucky Bankruptcy Court against Pilgrim's Pride seeking damages for tortious interference with business relations, unjust enrichment, and breach of contract. Meanwhile, on August 30, 2006, the defendants in the Texas Bankruptcy Court filed their Answer and Counterclaim seeking to enforce their agreements with Pilgrim's Pride. The defendants sought payment of commissions and liquidated damages in the amount of three years's worth of commissions. On September 21, 2006, the Texas Bankruptcy Court issued an order granting the defendants' motion to transfer this case to the Kentucky Bankruptcy Court. On October 16, 2006, the Kentucky Bankruptcy Court dismissed the underlying bankruptcies as well as the adversary proceeding filed on August 25, 2006. On October 18, 2006, the Kentucky Bankruptcy Court transferred the case back to the Texas Bankruptcy Court. On November 30, 2006,

the Texas Bankruptcy Court referred the case to this Court. The Texas Bankruptcy Court noted that elimination of bankruptcy jurisdiction would normally warrant a remand, however, the defendants also allege removal of the case under 28 U.S.C. § 1332 due to diversity of citizenship. As a result, this Court must now decide if it has jurisdiction to hear this case or if remand is warranted.

## II.   Analysis

### A.   Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction over cases involving a question of federal law or when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. §§ 1331, 1332. In general, claims against multiple defendants can only be aggregated for the purpose of meeting the jurisdictional requirement if the defendants are jointly liable to the plaintiff. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). Here, neither party disputes that this case involves contract issues governed by state law nor do they dispute that there is complete diversity of citizenship. In addition, the plaintiff has made no claim that the defendants are jointly liable on a single obligation. Therefore, the only issue is whether the amount in controversy exceeds $75,000 as to each defendant.

The removing party bears the burden of establishing that federal jurisdiction exists and that removal was proper. *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 585 (E.D. Tex. 2006) (citations omitted); *see St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 2003). The state court petition is normally used to determine the amount in controversy. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253. The plaintiff, however, is prohibited from pleading for specific amounts in cases of unliquidated damages under Texas Law. *See* Tex. R. Civ. P. 47. When a complaint does not allege a specific amount of damages, the removing party

must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). This requirement is met if 1) it is facially apparent from the face of the petition that the claims exceed $75,000, or 2) the removing party produces "summary judgment-type evidence" to support a finding that the claims exceed $75,000. *Id.*; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *Ray Mart*, 435 F. Supp. 2d at 585 (citations omitted).

### 1. "Facially Apparent"

The defendants contend that it is "facially apparent" that the amount in controversy exceeds $75,000 for each defendant because the plaintiff's original petition states that the defendants have accepted over $10 million in commissions since 1986. The defendants argue that this averages to $500,000 per year over the 20 years the parties have done business. The defendants further argue that the jurisdictional requirement is met by adding up all the relief (actual and consequential damages, declaratory relief, interest, attorneys' fees and costs) sought by the plaintiff. The plaintiff, on the other hand, contends that averaging the total commissions paid over the time that the parties have done business does not represent the unearned commissions that it seeks to recover. The Court agrees with the plaintiff. The plaintiff's original petition simply states that it is seeking to recover the commissions paid over the last several years. There is no indication in the complaint as to how these commissions were distributed among the various defendants. There is also no indication as to the amount of attorneys' fees, costs, or interest. Accordingly, it is not "facially apparent" that the amount in controversy exceeds $75,000 for each defendant.

### 2. "Summary Judgment-Type Evidence"

#### a. Damages

The defendants offer, as part of their "summary judgment-type evidence," the affidavit of Mr. Francisco stating that, from 2003 to 2005, Frisco received commissions in excess of $100,000, Sunset received commissions in excess of $1,000,000, and NFC received commissions in excess of $750,000. The plaintiff does not dispute these assertions, but points out that the defendants have not come forward with any evidence regarding the commissions paid to Parrco or NPI. In fact, the parties do not dispute that no commissions have ever been paid to Parrco or NPI. The plaintiff contends that it is only seeking declaratory relief against them. At this point, the defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 as to Frisco, Sunset, and NFC.

#### b. Declaratory Relief

The Court now turns to the values of declaratory relief as to Parrco and NPI. In an action for declaratory or injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In the Fifth Circuit, the value of declaratory or injunctive relief is made from the perspective of the plaintiff; it is the benefit or value to the plaintiff, not the cost to the defendant. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003); *Trapasso v. Prudential Property and Cas. Ins. Co.*, 220 F. Supp. 2d 628, 632-33 (E.D. Tex. 2002). Texas law also authorizes recovery of attorneys' fees in actions for declaratory relief. *See* Tex. Civ. Prac. & Rem. Code Ann. 37.009. When a statute allows for payment of attorneys' fees, they are considered part of the amount in controversy for jurisdictional purposes. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.3d 534,

537 (5th Cir. 1990).

### (1)     Parrco

The plaintiff is seeking declaratory judgment terminating the parties' contracts and releasing them from any future obligations. The plaintiff contends that the value of this declaratory relief is minimal because no commissions were ever paid to Parrco.[1] The plaintiff also contends that the cost of obtaining the declaratory relief (i.e., legal fees) would not exceed $75,000.

The defendants argue that the value to the plaintiff is the value of not having to pay liquidated damages, which amounts to three years' worth of commissions. The defendants argue that the three years' worth of commissions should be at least $2 million based on Mr. Francisco's affidavit. The defendants also contend that the plaintiff's counsel, in its bankruptcy practice, typically charges in excess of $500 per hour for partners' work.[2] The defendants also point out that three partners are working on this case for the plaintiff, and that the plaintiff has employed local counsel.

The plaintiff disagrees with the defendants' calculation of Parrco's potential liquidated damages because Mr. Francisco's affidavit states that the $2 million in commissions were only paid to Frisco, Sunset, and NFC. The plaintiff argues that Parrco's liquidated damages should be zero because no commissions have ever been paid to Parrco. The plaintiff also argues that attorneys' fees for declaratory relief would not exceed $75,000, and that a bill by the plaintiff's counsel in an unrelated case should not be used as indication of what attorneys' fees will be in this case.

---

[1] In the defendants' Rule 12(b)(6) Motion to Dismiss filed with the Texas Bankruptcy Court, the defendants stated that Parrco was an administratively dissolved entity that has never performed brokerage services and never received commissions from Pilgrim's Pride.

[2] The defendants have produced a bill from one of the plaintiff's counsel, in an unrelated case, showing that he billed over $18,000 for a removal proceeding with no hearing and minimal briefing.

At this early stage of the suit and based on the limited amount of evidence available, the Court agrees with the plaintiff and values the declaratory relief against Parrco as minimal. Furthermore, the defendants failed to meet their burden of showing that attorneys' fees associated with obtaining declaratory relief against Parrco will exceed $75,000. Assuming that the defendants' hourly rate for the plaintiff's counsel is accurate, the defendants have not shown how many hours will actually be devoted to this case by the partners nor have they shown how attorneys' fees will be divided as to each defendant. Accordingly, this Court cannot find that the value of declaratory relief against Parrco combined with attorneys' fees for obtaining that declaratory relief will exceed $75,000 and resolves this issue in favor of remand.

**(2)   NPI**

The plaintiff also seeks a declaration that it has no contractual obligations to NPI. The parties do not dispute that NPI has never received commissions from Pilgrim's Pride nor was it ever a party to the contracts at issue in this case. The plaintiff contends that NPI was joined in this suit because it was formerly affiliated with Mr. Francisco who signed the contracts.

The defendants argue that Pilgrim's Pride is not entitled to declaratory relief because NPI was never a party to the contracts. The defendants, therefore, contend that NPI was fraudulently joined as a party to the lawsuit solely for the purpose of defeating diversity jurisdiction.

It is unnecessary for this Court to address the merits of the defendants' fraudulent joinder claim at this time. The defendants have not met their burden of establishing diversity jurisdiction as to Parrco. This alone requires the case to be remanded to state court.

**B.   Supplemental Jurisdiction**

The defendants also contend that this Court has supplemental jurisdiction as to the plaintiff's

declaratory judgment action against Parrco pursuant to 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(b), however, divests district courts of supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." The defendants argue that Parrco was not named as a party pursuant to Rules 14, 19, 20, or 24, and, therefore, Section 1367(b) is inapplicable. The plaintiff, on the other hand, argues that Parrco was properly named as a defendant in this case under Rule 20. The Court agrees with the plaintiff and concludes that it does not have supplemental jurisdiction over Parrco in this case.

### III. Conclusion

The defendants have not proven by a preponderance of the evidence that diversity jurisdiction exists for each defendant. Accordingly, the Court GRANTS the plaintiff's motion to remand. It is ORDERED that this case be remanded to the Camp County District Court for the State of Texas.

SIGNED this 12th day of February, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE