IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PILGRIM'S PRIDE CORP. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-512 (TJW) |
| | § | |
| FRISCO FOOD SERVICES, INC., ET AL. | § | |
|     Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Reconsider Order (#24). Defendants request that this Court reconsider its order to remand this case to the Camp County District Court for the State of Texas. The motion is DENIED.

It is a plaintiff's privilege to exercise the choice between a state forum and a federal forum subject only to legal limitations. *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688-89 (S.D. Tex. 1997) (citing *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). If a plaintiff can avoid the federal forum by properly joining a nondiverse defendant, he is free to do so. *Id*. at 689 (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406). In a case, such as this one, where there are multiple defendants (which is allowed under Fed. R. Civ. P. 20), complete diversity must exist for a district court to exercise jurisdiction because 28 U.S.C. § 1367(b) does not authorize the exercise of supplemental jurisdiction. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *Truserv Corp. v. H.R.W. of New Mexico*, 2002 WL 818302, *2 (N.D. Ill. April 29, 2002).

The defendants argue that this Court must retain supplemental jurisdiction over National

Produce, Inc. ("NPI") and Parrco Foods, Inc. ("Parrco") under the United States Supreme Court decision in *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546 (2005). Notwithstanding the defendants' reliance on *Exxon Mobil Corp.*, this Court may not retain supplemental jurisdiction over non-diverse defendants. *Exxon Mobil Corp.* held that supplemental jurisdiction is allowed over the claims of other *plaintiffs* in the same Article III case or controversy, even if those claims are for less than the requisite amount. *Id*. at 549. The Court in *Exxon Mobil Corp.* specifically stated that § 1367 confers supplemental jurisdiction over claims by Rule 20 and Rule 23 plaintiffs, but that § 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20. *Id*. at 560. This case involves a claim against a defendant, not a plaintiff, who does not meet the requisite amount for diversity jurisdiction.[1] Accordingly, this Court may not exercise supplemental jurisdiction over Parrco or NPI.

The defendants also argue that if the Court does not have supplemental jurisdiction over Parrco and NPI, then the Court must dismiss or remand only Parrco and NPI and retain jurisdiction over the other three defendants. The defendants again misplace their reliance on *Exxon Mobil Corp.* Curing jurisdictional defects by dismissing offending parties refers to dismissing offending plaintiffs, not defendants. *See Clark v. Paul Gray, Inc.*, 306 U.S. 583, 590 (1939).[2]

Defendants' Motion to Reconsider is DENIED. The Court's previous stay order (#25) is

---

[1] In a footnote in their motion to reconsider, the defendants contend that Parrco was not properly joined in this case and was improperly joined solely in an attempt to defeat diversity jurisdiction. This was never asserted or argued in the defendants' original motion. Accordingly, this argument is waived and the Court need not address this issue.

[2] The Court in *Exxon Mobil Corp.* cited *Clark v. Paul Gray, Inc.*, 306 U.S. at 590, for the proposition that a court may dismiss parties who fail to meet the amount-in-controversy requirement and retain jurisdiction over the remaining parties. *Exxon Mobil Corp.*, 545 U.S. at 561.

vacated.  The District Clerk is directed to certify and mail a copy of the order to remand (#23) to the Camp County District Court for the State of Texas.

    SIGNED this  7th  day of March, 2007.

                                                                        _____
                                                        T. JOHN WARD
                                                        UNITED STATES DISTRICT JUDGE